NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

MARKIST LEWIS SPILLMAN, JR., *Appellant*.

No. 1 CA-CR 14-0387
FILED 8-25-2015

Appeal from the Superior Court in Maricopa County
No. CR2012-164524-001
The Honorable Jerry Bernstein, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Spencer D. Heffel
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Patricia A. Orozco joined.

**C A T T A N I**, Judge:

¶1        Markist Spillman, Jr., appeals his convictions of two counts of aggravated driving under the influence ("aggravated DUI"), class 4 felonies, and the resulting sentences and probation terms. Spillman's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Spillman was given the opportunity to file a supplemental brief, but did not do so. Counsel asks this court to search the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999). Finding none, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        In mid-November 2011, Spillman was driving his car in Tempe around 1:00 a.m. An officer with the Arizona State University Police Department pulled him over for speeding and weaving within his lane. Spillman showed the officer an ID card rather than a driver's licence, explaining that his license was suspended.

¶3        Spillman's eyes were watery and bloodshot, the passenger compartment smelled of alcohol, and there was an open bottle of malt liquor in the passenger seat. Spillman admitted that he had been drinking, and he was arrested after performing poorly on field sobriety tests.

¶4        Spillman's blood was drawn pursuant to a warrant approximately four hours after the traffic stop. At the time of the blood draw, Spillman's blood alcohol concentration ("BAC") was 0.121, which an expert testified would translate to a BAC range between 0.141 and 0.182 within two hours of driving.

¶5        The State charged Spillman with two counts of aggravated DUI: (1) driving while impaired with a suspended license, *see* Ariz. Rev. Stat. ("A.R.S.") §§ 28–1381(A)(1), –1383(A)(1); and (2) driving with a BAC of 0.08 or more with a suspended license, *see* A.R.S. §§ 28–1381(A)(2), –

1382(A)(1).[1]   A jury found Spillman guilty as charged, and the court suspended sentence and imposed concurrent three-year terms of probation, to begin following four months' imprisonment, with credit for 33 days of presentence incarceration.  Spillman timely appealed.

## DISCUSSION

¶6        Spillman was present and represented by counsel at all critical stages of the proceedings against him.  The record reflects that the superior court afforded Spillman his rights under the United States and Arizona Constitutions and our statutes, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure.  The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdicts.  Spillman's sentences and probation terms fall within the range prescribed by law, with proper credit given for presentence incarceration.

¶7        When this decision is filed, defense counsel's obligations pertaining to Spillman's representation in this appeal will end after informing Spillman of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984).  Spillman shall have 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.

## CONCLUSION

¶8        Spillman's convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED : ama

---

[1]        Absent material revisions after the relevant date, we cite a statute's current version.